Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 7624 | DATE | APR 13 2000 |
| CASE TITLE | Daniel D. Poole, #N-74377 vs. Sheriff Bach, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendant Bach's motions to dismiss (## 20 and 21) are denied. The clerk is directed to file the amended complaint. The plaintiff may proceed against the defendants Bach and Freedom. However, on the court's own motion, the amended complaint is dismissed without prejudice as to Michael Sheahan and Cook County pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Sheahan and Cook County are terminated as defendants. The clerk is directed to issue summons forthwith for attempted service by the U.S. Marshal on the defendant Freedom; the clerk is further requested to mail defense counsel a copy of the amended complaint. The clerk is finally directed to send the plaintiff another copy of the court's filing instructions along with this order.
Ruling set for May 11, 2000 is stricken.

(11) ■ [For further detail see accompanying Memorandum Opinion and Order.]

Charles P. Kocoras
U.S. District Judge

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 14 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 23 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mjm | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL POOLE, )
)
Plaintiff, )
)
v. ) 99 C 7624
)
JEFFREY BACH, )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Cook County and officials at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and medical needs and by denying him due process. More specifically, the plaintiff alleges that the defendants failed to protect him from an assault by fellow prisoners (or perhaps even facilitated the attack), denied him needed medical care following the attack, and failed to punish his wrongdoers.

On March 13, 2000, the plaintiff filed an amended complaint; on March 15, 2000, the defendant Bach filed a motion to dismiss the original complaint for failure to state a claim. Even assuming that the motion to dismiss has not been mooted by the filing of the amended pleading, the motion is without foundation whether applied either to the original or to the

amended complaint. Consequently the motion will be denied. The amended complaint also states an arguable claim against the defendant Freedom. However, on the court's own motion, the amended complaint will be dismissed as to the defendants Michael Sheahan and Cook County.

It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Company, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521; Gregory v. Nunn, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. Tarkowski, 644 F.2d at 1207, quoting Littleton v. Berbling, 468 F.2d 389 (7th Cir. 1972). Nevertheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992), cert. denied, 506 U.S. 893 (1992).

## FACTS

The plaintiff, currently an inmate at the Pinckneyville Correctional Center, was a pretrial detainee at the Cook County Jail at all times relevant to this action. The defendant Jeffrey Bach is a correctional officer employed at the jail. In his amended complaint the plaintiff also names a Sergeant Freedom, Cook County Sheriff Michael Sheahan, and Cook County itself.

The plaintiff alleges the following facts, which must be accepted as true for purposes of this motion: On September 1, 1999, the plaintiff was asleep in his cell when three inmates entered the room [1] and attacked him. The inmates threw a sheet over the plaintiff's head and repeatedly struck him; they then took turns sexually assaulting him. Before finally leaving, the assailants threatened to kill the plaintiff if he told anyone about the incident.

Minutes later, as the plaintiff sat in his bed crying and shaking, the defendant Bach repeatedly called out the plaintiff's name. When the plaintiff opened his cell door, Bach was laughing and smiling and pointing his finger at the plaintiff. Bach informed the plaintiff that he was being transferred to the segregation unit. The smug expression on Bach's face suggested that he knew what had happened to the plaintiff.

---

[1] In the original complaint, the plaintiff noted that Bach had unlocked the cell for the inmates without warning the plaintiff that he was doing so. Although the amended complaint is silent on that point and an amended complaint supersedes the original pleading, the court infers that the plaintiff still believes that Bach allowed the plaintiff's attackers access to his cell.

According to the amended complaint, Bach was a "real good friend" of one of the assailants. Bach obtained drugs from the unnamed inmate, a purported gang chief, in exchange for sex. Bach routinely allowed gang members to prey on other inmates.

When the plaintiff arrived at the segregation unit, he told the defendant Freedom about the assault and requested medical attention. Freedom shouted, "Don't tell me about your problems--stay your sissy ass out of jail and you won't have to worry about your ass getting raped." The plaintiff sat in his bunk in severe pain as the other prisoners laughed at him.

A day or two later, the plaintiff reported the assault to another officer. The plaintiff was immediately taken to the hospital for an examination; a physician prescribed medication to prevent infection. Internal affairs officers conducted an investigation and the plaintiff identified the attackers. A state's attorney asked the plaintiff whether he wanted to press charges and the plaintiff responded in the affirmative.

It is unclear whether internal disciplinary proceedings were brought against the alleged assailants, or whether they have been criminally prosecuted to date.

## DISCUSSION

The defendant Bach's motion to dismiss must be denied. Accepting the plaintiff's factual allegations as true, the amended complaint sets forth colorable causes of action against the defendants Bach and Freedom. Those defendants must respond to the plaintiff's allegations. However, on the court's own motion, the amended complaint will be dismissed as to the defendants Michael Sheahan and Cook County.

The allegations in the complaint and amended complaint support an inference that Bach intentionally permitted an attack on the plaintiff. A constitutional violation exists if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." Langston v. Peters, 100 F.3d 1235, 1237 (7th Cir. 1995) (citation omitted). "Deliberate indifference" means recklessness in a criminal, subjective sense; that is, disregarding a risk of danger so substantial that knowledge of the danger can be inferred. James v. Milwaukee County, 956 F.2d 696, 700 (7th Cir. 1992).

The various cases cited by the defendant Bach are inapposite under the circumstances presented. The plaintiff does not allege mere negligence, nor was he evidently the victim of a random and unexpected attack. To the contrary, the plaintiff alleges that Bach purposely allowed inmates–including a known predator with whom Bach had some kind of unholy alliance–into the plaintiff's cell, apparently knowing that the inmates intended to perpetrate some kind of an assault on the plaintiff. It may be that a more fully developed record will show that Bach was simply routinely unlocking all the prisoners' cell doors according to a set schedule, and that Bach was unaware of the gang members' entry into the plaintiff's cell and/or of their wrongful intent. But accepting the plaintiff's allegations as true, the amended complaint states a colorable cause of action against Bach under 42 U.S.C. § 1983 for acting with deliberate indifference to the plaintiff's safety.

The amended complaint likewise states a cognizable claim against the defendant Freedom, who allegedly reacted with scornful disregard when the plaintiff reported the

alleged attack. The plaintiff may be entitled to damages for the denial of needed medical care following the alleged attack if he can establish that his medical condition was "serious" for purposes of Fourteenth Amendment analysis. The Due Process Clause prohibits deliberate indifference to the medical needs of a pretrial detainee. Salazar v. City of Chicago, 940 F.2d 233, 237-38 (7th Cir. 1991); but see Brownell v. Figel, 950 F.2d 1285, 1289-92 (7th Cir. 1991) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). Freedom must respond to the plaintiff's charge that he was visibly injured and in need of medical care but that Freedom ignored his condition.

But Freedom cannot be held liable for failing to investigate the assault. Freedom's complete lack of regard for the plaintiff's plight, while disturbing and inexcusable, does not rise to the level of a constitutional violation, at least insofar as she failed to take any remedial measures. Officials' failure to impose discipline on the wrongdoers after the fact does not amount to a constitutional violation since the omission was not the cause of the plaintiff's injuries. Accord, see Vukadinovich v. McCarthy, 901 F.2d 1439, 1444 (7th Cir. 1990), cert. denied, 498 U.S. 1050 (1991).

For that matter, the court cannot entertain the plaintiff's request that charges be brought against the inmate attackers, one of the remedies listed in the Relief section of the amended complaint. The plaintiff admits that jail officials conducted an internal affairs investigation and referred the matter to the state's attorney. Under Illinois law, the decision whether to initiate a criminal prosecution lies with the state's attorney. People v. Pamkey,

67 Ill. Dec. 804, 445 N.E. 284 (1983). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Leeke v. Timmerman, 454 U.S. 83 (1981). Even assuming arguendo that the Cook County State's Attorney has not followed through on the plaintiff's criminal complaint, the plaintiff is not entitled to relief under the Civil Rights Act.

On the court's own motion, the amended complaint must also be dismissed as to the defendants Michael Sheahan and Cook County. Under 28 U.S.C. § 1915A, the court is required to conduct a prompt review of complaints against governmental officials and entities, and to dismiss non-meritorious claims.

The plaintiff has alleged no facts establishing Sheahan's direct, personal involvement, as required by Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff shown that the alleged violations of his constitutional rights occurred at Sheahan's direction or with his knowledge and consent. Id. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Sheahan, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted).

That Sheahan is the Sheriff of Cook County is insufficient to establish liability, as the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. To be held liable under 42 U.S.C.

§ 1983, a supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye...." Gentry, 65 F.3d at 561 (citations omitted). Because the plaintiff has failed to show that Sheahan was personally involved in the alleged circumstances giving rise to this action, Sheahan must be dismissed as a defendant.

By the same token, the amended complaint fails to state a claim against Cook County. Again, as a general rule a county is not vicariously responsible for the alleged misdeeds of its employees. A governmental entity is liable in an official-capacity suit under Section 1983 only when the entity is a "moving force behind the deprivation, thus requiring the entity's policy or custom to have played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159, 166 (1985). In the case at bar, the plaintiff has failed to allege facts suggesting the existence of any custom or policy which permitted or required the actions about which he complains. Consequently, the amended complaint will also be dismissed as to Cook County.

In sum, the amended complaint states a colorable cause of action against the defendant Bach for acting with deliberate indifference to the plaintiff's safety and against the defendant Freedom for acting with deliberate indifference to the plaintiff's medical needs. Accordingly, the defendant Bach's motion to dismiss will be denied. The clerk of the court will file the amended complaint but terminate the defendants Michael Sheahan and Cook County.

The clerk shall issue summonses forthwith for service on the defendant Freedom. The United States Marshal's Service is appointed to serve Freedom. The court directs the Marshal to send a USM-285 form to the plaintiff so that he may provide the information necessary for the Marshal to serve the defendant with process. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed.R.Civ.P. 4(d)(2) before attempting personal service.

The defendant Bach does not need to be personally served with the amended complaint because he is already represented by counsel. However, the plaintiff has failed to include a certificate of service showing that he mailed a copy of the amended pleading to counsel of record. On this occasion, the clerk will mail a copy of the amended complaint to defense counsel. But the plaintiff is reminded for future reference that he must mail defense counsel a copy of every document filed with the court. The clerk will provide the plaintiff with another copy of the court's Instructions for Submitting Documents to the Court. In the future, the court may strike without considering any document filed that is unaccompanied by proper proof of service.

IT IS THEREFORE ORDERED that the clerk file the amended complaint, adding Sergeant Freedom as a defendant, but terminating Michael Sheahan and Cook County as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is further directed to issue summons for service on the defendant Freedom. The U.S. Marshal is directed to attempt

service on Freedom in accordance with Fed. R. Civ. P. 4. The costs of service are to be advanced by the United States.

IT IS FURTHER ORDERED that the defendant Bach's motions to dismiss[2] (numbers 20 and 21) are denied. Bach is directed to answer the amended complaint or otherwise respond within twenty-one days of the date of this order.

*Charles P. Kocoras*

Charles P. Kocoras

United States District Judge

Dated: **APR 13 2000**

---

[2]The clerk mistakenly docketed the defendant's Notice of Filing as a second motion to dismiss.